UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Ryan Thienes, Plaintiff<br>v.<br>Target Corporation, Defendant | Case No. 2:26-cv-02071-CDS-BNW<br>**Order Granting Plaintiff's Motion to Remand**<br>[ECF No. 5] |

On May 20, 2026, plaintiff Ryan Thienes filed this personal injury action in Nevada state court. Compl., ECF No. 1-3. On July 8, 2026, defendant Target Corporation removed the action to this court based on diversity jurisdiction. Pet. for removal, ECF No. 1. Two days later, Thienes moved to remand the case to state court because the removal was untimely. Mot. remand, ECF No. 5. The motion to remand is fully briefed. Resp., ECF No. 8; Reply, ECF No. 9. For the reasons below, I grant the motion to remand.

## I. Legal standard

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). When a case is filed in state court between parties who are citizens of different states and the amount in controversy exceeds $75,000.00, the defendant may remove the case to federal court. 28 U.S.C. §§ 1332, 1441, 1446. But there is a strong presumption against removal jurisdiction, and "federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992). The defendant always has the burden of establishing that removal is proper. *Id.*

## II. Discussion

Thiene argues that Target's removal was improper because it hinged on the mistaken "premise that the Complaint did not reveal the amount in controversy and that removal first became ascertainable when Plaintiff filed a Request for Exemption from Arbitration on June 26, 2026." ECF No. 5 at 3. He further argues that the thirty-day removal deadline expired on June 26, 2026—thirty days after the case commenced on May 20, 2026—making Target's July 8th removal twelve days late. *Id.* at 4.

"Where the plaintiff originally files in federal court, 'the amount in controversy is determined from the face of the pleadings.'" *Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106 (9th Cir. 2010) (quoting *Crum v. Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000)). The amount in controversy is generally "determined from the face of the pleadings," and the "sum claimed by the plaintiff controls so long as the claim is made in good faith." *Crum*, 231 F.3d at 1131. "To justify dismissal, it must appear to a legal certainty that the claim is really for less than the jurisdictional amount." *Id.* (citation modified).

Here, I find the removal to be untimely because, contrary to Target's arguments, the face of the complaint exceeded the amount-in-controversy threshold of $75,000.00. *See* ECF No. 1-3 at 9 (seeking general damages in excess of $65,000.00, special damages in excess of $15,000.00, and exemplary damages in excess of $15,000.00, for a minimum total of $90,000.00); *see also id.* at 3–9. The sum claimed by Thienes ($95,000.00) in his complaint seems to have been made in good faith, and it does not appear to a legal certainty that his claims are really for less than the jurisdictional amount. Thus, the amount in controversy is met on the face of the complaint.

Further, the complaint describes Target as a foreign corporation—a point that Target does not dispute in its removal petition. ECF No. 1 at 3 (identifying Thienes as a Nevada citizen and Target as a Minnesota citizen); *see also* ECF No. 1-3 at 1. This indicates that there is complete diversity between the parties. *See* 28 U.S.C. § 1441(b) ("In determining whether a civil action is

removable on the basis of [diversity jurisdiction], the citizenship of defendants sued under fictitious names shall be disregarded.").

In sum, the face of the complaint shows that the case is removable because it shows that the amount in controversy exceeds $75,000.00 and that there is complete diversity between the parties. And since the case commenced on May 20, 2026, the thirty-day window to petition for removal expired on June 26, 2026. Target filed its removal petition on July 8, 2026—that is, twelve days past the removal deadline—making it untimely. Thus, the motion to remand is granted.

## III. Conclusion

IT IS THEREFORE ORDERED that the motion to remand **[ECF No. 5] is GRANTED.** The clerk of court is kindly directed to remand Case No. A-26-946983-C to the Eighth Judicial District Court in Clark County, Nevada, Department 11, and close this federal case.

Dated: August 10, 2026

_______________________________
Cristina D. Silva
United States District Judge